NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         v.<br><br>BARBARA BROWN and PHILIP CHARLES DE GRUCHY,<br><br>                         Defendants. | Action No. 2:14-mj-7258<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on the motion of Defendant Philip Charles de Gruchy (the Movant) for issuance of a Rule 17(c) subpoena *duces tecum* (the subpoena) to Toys "R" Us, Inc. (TRU). TRU opposes the motion, while the Government takes no position. The Court declined to hear oral argument and, for the reasons set forth below, denies the motion.

Defendants are charged via criminal complaint with fraud pursuant to 18 USC §§ 1341 and 1349 in relation to an alleged scheme to bilk over three million dollars from their employers. (Complaint, ECF No. 1.) The Government alleges that Defendants, via "sham companies" under their control, fraudulently billed their employers for work that was inadequately performed or never performed. (Id.) One such employer, TRU, is the target of the subpoena and the subject of the instant motion. (Motion, ECF No. 18-2.) Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, the Movant seeks discovery from TRU in the form of documents, emails, personnel files, and document retention policies. (Motion, ECF No. 18-2; Proposed Order, ECF No. 18-3; Reply, ECF No. 21.) The Movant contends that his requests are "narrowly tailored" and that the items sought fall within the purview of permissible Rule 17(c) discovery. (Id.) He further stresses that "[t]he information, statements and records from TRU being sought are highly likely

to contain exculpatory material relating to the government's allegations[.]" (Id.) The Movant has yet to receive discovery from the Government. (Id.)

TRU disputes that the discovery sought by the Movant is appropriate under Rule 17(c). (Opposition, ECF No. 20.) In particular, TRU argues that the "request should fail because it is premature, burdensome and does not seek specific, known, identifiable and evidentiary materials in advance of a criminal trial." (Id.)

Rule 17(c) governs the use of subpoenas in criminal cases and provides, in pertinent part, that "[a] subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates [and t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." A party seeking pre-trial production pursuant to Rule 17(c) must demonstrate the following:

> 1) that the documents are evidentiary and relevant;
> 2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
> 3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
> 4) that the application is made in good faith and is not intended as a general fishing expedition.

United States v. Cuthbertson, 630 F.2d 139, 145 (3d Cir. 1980) ("Cuthbertson I") (quoting United States v. Nixon, 418 U.S. 683, 699-700 (1974)) (quotations omitted). A "pretrial subpoena issued in accordance with Rule 17(c) is used as a convenient and time saving tool for trial preparation[,]" and the Rule "prevent[s] delays during trial by providing 'a time and place before trial for the inspection of subpoenaed materials.'" United States v. Messercola, 701 F. Supp. 482, 485 (D.N.J. 1988) (quoting Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). However, in exercising its discretion to issue such subpoenas, the Court "must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in

criminal cases found in Fed.R.Crim.P. 16." <u>Cuthbertson I</u>, 630 F.2d at 145-46 (citing <u>Nixon</u>, 418 U.S. at 702); <u>see</u> <u>also</u> <u>United States v. Cuthbertson</u>, 651 F.2d 189, 192 (3d Cir. 1981) ("Cuthbertson II") ("Rule 17(c) was not intended to be a broad discovery device[.]") (citing <u>Bowman Dairy Co.</u>, 341 U.S. at 221). Accordingly, "the requesting party must 'show the evidentiary nature of the requested materials with appropriate specificity' and 'do more than speculate about the relevancy of the materials being sought.'" <u>United States v. Onyenso</u>, 2013 WL 5322651, at *1 (D.N.J. 2013) (quoting <u>United States v. Shinderman</u>, 232 F.R.D. 147, 150 (D. Maine 2005)).

 Dispositive of the instant motion are the second and third <u>Nixon</u> factors, i.e., whether the items sought are "not otherwise procurable reasonably in advance of trial by exercise of due diligence" and whether the items sought are necessary for one to "properly prepare for trial" and the absence of such "may tend unreasonably to delay the trial." 418 U.S. at 699-700. First, discovery has yet to proceed in accordance with Rule 16, and the Movant has not demonstrated that the items sought by the subpoena are not otherwise procurable from the Government through due diligence. <u>See</u> <u>Cuthbertson I</u>, 630 F.2d at 144 (emphasizing that, while Rule 17(c) was "designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial[,]" it "was not intended to provide a means of discovery in addition to that provided by" Rule 16) (citations omitted). As TRU points out, many of documents sought by the Movant may be provided in due course by the Government pursuant to Rule 16.

 Next, both <u>Nixon</u> factors explicitly contemplate trial, just as Rule 17(c) itself contemplates production "before trial." Here, the Movant is charged via criminal complaint and, indeed, he cannot be tried on a criminal complaint for the crimes charged because the maximum term of imprisonment for mail fraud exceeds one year. <u>Compare</u> F. R. Cr. P. 7 <u>with</u> 18 USC § 1341. While the instant motion is made in good faith and the Movant offers thorough arguments as to the

relevant and possibly exculpatory nature of the items sought, his understandable concern for trial preparation nevertheless is at its nadir because trial at this stage is an impossibility and assessing any delay thereof would be speculative. See Nixon, 418 U.S. at 698–99 (asserting that the "chief innovation" of Rule 17(c) is "to expedite the trial"); United States v. Caruso, 948 F. Supp. 382, 397 (D.N.J. 1996) ("The purpose of Rule 17(c) is thus to prevent trial delays[.]") (citations omitted).

Though the Court recognizes the difficulties inherent in preparing for a complex and lengthy criminal trial, given the preliminary posture of the case it would be premature to order discovery from TRU when the Movant is entitled in the first instance to discovery from the Government—discovery which may moot the need for a Rule 17(c) subpoena directed to a third party. The Court accordingly concludes that the Movant has not met his burden and issuance of the subpoena is unwarranted.

**ACCORDINGLY, IT IS** on this 8th day of December, 2015,

**ORDERED** that the motion of Defendant Philip Charles de Gruchy for issuance of a Rule 17(c) subpoena *duces tecum* is **DENIED**; and

**FURTHER ORDERED** that Defendant Philip Charles de Gruchy shall submit a proposed preservation order for the Court's review and Toys "R" Us shall have three (3) business days to lodge any objections thereto; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 18.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**